UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

            Plaintiff,

    v.

GOVERNOR NEWSOM, et al.,

            Defendants.

No. 2: 20-cv-1652 KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a civil detainee, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

The undersigned herein screens plaintiff's complaint.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Governor Newsom and the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff alleges that he is a civil detainee.  Plaintiff alleges that he (plaintiff) complied with defendant Newsom's mandate for people to wear masks due to the COVID-19 epidemic.  Plaintiff alleges that as a result of wearing his mask and breathing his own carbon monoxide and bacteria, plaintiff developed hypercapnia.  Plaintiff alleges that he now suffers from a heart problem, blindness, seizures, migraine headaches and serious breathing problems as a result of hypercapnia.  Plaintiff seeks money damages and an injunction prohibiting defendants from enforcing the mask mandate.

CDCR is not a proper defendant because state agencies are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas

v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies). Accordingly, plaintiff's claims against defendant CDCR should be dismissed.

Plaintiff claims that defendant Governor Newsom's mask mandate policy violated plaintiff's Eighth Amendment rights because wearing a mask caused plaintiff to suffer hypercapnia. However, plaintiff alleges that he (plaintiff) is a civil detainee. Therefore, plaintiff's claims against defendant Newsom are properly brought under the Due Process Clause.

> "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199–200 (1989). [Footnote omitted.] The government thus violates the Due Process Clause if it fails to provide civil detainees with "food, clothing, shelter, medical care, and reasonable safety." Id. at 200. The Ninth Circuit has analyzed such conditions of confinement claims under an objective deliberate indifference standard. See Castro v. Cnty. of L.A., 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (adopting objective deliberate indifference standard based on Kingsley v. Hendrickson, 576 U.S. 389 (2015), to evaluate failure to protect claim brought by pretrial detainee). That standard demands that:
>
> > (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> >
> > (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> >
> > (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> >
> > (4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
> Castro, 833 F.3d at 1071.

Pimental-Estrada v. Barr, 2020 WL 3118489, at *6 (W.D. Wash. June 3, 2020).

While plaintiff claims that wearing a mask caused him to suffer hypercapnia, plaintiff does not allege that there was a substantial risk that he would develop hypercapnia as a result of

3

1  wearing a mask.  The undersigned is unaware of any evidence suggesting that mask wearing
2  creates a substantial risk for the development of hypercapnia.  For these reasons, the undersigned
3  finds that defendant Governor Newsom's enactment of the mask mandate in response to the
4  COVID-19 pandemic did not violate plaintiff's constitutional rights.

5  It is clear that plaintiff cannot cure the pleading defects discussed above.  Accordingly, the
6  undersigned recommends that this action be dismissed.

7  In accordance with the above, IT IS HEREBY ORDERED that:

8  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

9  2.  The Clerk of the Court is directed to appoint a district judge to this action.

10  IT IS HEREBY RECOMMENDED that this action be dismissed.

11  These findings and recommendations are submitted to the United States District Judge
12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13  after being served with these findings and recommendations, plaintiff may file written objections
14  with the court and serve a copy on all parties.  Such a document should be captioned
15  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
16  failure to file objections within the specified time may waive the right to appeal the District
17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  Dated:  September 29, 2020

20  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

24  Hill1652.56

4